The clerk will call the next case. 313-0144. People of the State of Illinois. Appellee by Justin Nicolosi v. Larry Hughes. Appellant by Santiago Durango. Mr. Durango, you may proceed. Good morning, Your Honors. Good morning. Mr. Nicolosi, may it please the Court. My name is Santiago Durango. I'm an Assistant Appellate Defender with the Office of the State Appellate Defender, and I represent the appellant in this case, Mr. Larry Hughes. Today, Your Honors, I will be asking the Court to reverse the defendant's convictions and remand this cause for a new trial because there were no adequate Rule 401 waiver of counsel admonishments in this case. In the alternative, I will be asking the Court to vacate the defendant's sentences and remand this cause for new post-trial proceedings because there was an inadequate waiver of counsel for post-trial proceedings. What happened in this case is that the defendant was charged with multiple counts of home invasion, residential burglary, and armed robbery for an incident that occurred in Peoria in 2011. The victims, the defects, were in their 80s. The defendant, in pre-trial proceedings, indicated that he wanted to proceed pro se. He informed the Court that he had no legal experience. The Court informed him that the home invasion, residential burglary, and armed robbery charges carried a potential sentencing range of 60 to 60 years and allowed him to proceed pro se. Later, the defendant requested the assistance of standby counsel and the Court appointed standby counsel for him to assist him with jury selection and with courtroom protocol, but not to assist him with strategic decisions. Prior to the selection of the jury, the State charged the defendant with forgery. The State acknowledged that this was a separate incident. It occurred in 2010. The charges in this case occurred in 2011, the charged offenses. After some hemming and hawing, the defendant agreed to join the charges. The jury then found the defendant guilty of the home invasion charges, the residential burglary charges, and the armed robbery charge, but not of the forgery charge. The defendant requested the reappointment of counsel for post-trial proceedings, but then indicated again that he did not want the assistance of counsel. The Court informed him that the sentencing ranges for the offenses he had been found guilty of was 60 to 60 years and allowed him to proceed pro se. At sentencing, the defendant did not raise any mitigation or call any witnesses, indicating that he believed by doing so he would be conceding his guilt and he did not want to do so. The Court then sentenced him to 60 years on the home invasion and residential burglary charges and 30 years for the armed robbery, and the defendant did not file a motion to reconsider. These sentences, because the defendant was 59 years old at the time, amounted to life terms. The defendant appealed, and now on appeal I'm going to ask the Court, as I mentioned earlier, to reverse his convictions or to render this case for new sentencing due to inadequate waiver of counsel admonishments. Under Rule 401A, Supreme Court Rule 401A, before a defendant is allowed to waive counsel, the Court must inform him and must determine that he understands the nature of the charges, the range of sentences that apply, including extended term sentences and the possibility of consecutive sentences, and that he has a right to appoint a counsel. Only substantial compliance is required with the rule, and under the continuing waiver rule, once a defendant waives counsel, that waiver carries through to the remainder of the case unless there is a substantial change in the circumstances of the case or counsel is reappointed. In this case, at the first appearance, the public defender waived the reading of the charges, so the defendant was not informed of the allegations underlying the charges. The defendant then waived counsel, informing the Court that he had no legal experience, and the Court only informed him that the charges of home invasion, residential burglary, and armed robbery carried a sentencing range of six to 60 years. The defendant, he was allowed to proceed pro se, and then the defendant was allowed to continue in his self-representation after the State added a forgery charge prior to trial. Under these circumstances, when both the initial waiver and the addition of the forgery charge are considered together, there was an inadequate waiver of trial counsel in this case. Initially, the rule requires that the defendant be informed of the nature of the charges. In this case, there is no indication that the charges were ever read to the defendant or explained to him in any substantive way. At the time, initially, when he had counsel, the trial court began reading them, correct? And then they read the charges and then he waived the explanation of the penalties through counsel at the first arraignment? He waived reading of the charges, so the charges were not read to the defendant at that point. And then when he sought to waive his counsel, didn't the judge say to him that these are extended term sentences, you could be sentenced up to 60 years on each of them? Yes, Your Honor, and mention the name of the charges. But there's no indication that the substance of the charges were ever mentioned to him because the allegations of the charges were never read to him and there's no indication that the charges were actually handed to the defendant. So in this case, during the initial waiver of counsel, there was no indication that the nature of the charges were ever, the defendant was informed of the nature of the charges. He was not informed that consecutive sentences were possible and he was not informed that he had the right to appoint a counsel. He didn't get consecutive sentences and he was found, he was acquitted right of the forgery. So there's no prejudice in that, so really the argument here is that he didn't understand the substance of the charges? Yes, Your Honor. Now as to the forgery charge, the one that he was not found guilty of, he was read that charge and he was handed that charge and the correct sentencing range was provided as to that charge. But not in the context of a waiver of counsel because when the forgery charge was added, and the problem with adding the forgery charge in relation to waiver of counsel is that that charge negated the continuing waiver rule because it injected new evidence into the case, even if he was not found guilty in the charge, it did inject new evidence into the case and a lot of that evidence was other crimes evidence that was presented to the jury. Did the charge get added? I'm going to be a little bit lazy here because you know the record better than I do. The original charges were by indictment from a grand jury? Yes. How was the additional forgery added? By information. A separate information? It wasn't added to the indictment? Okay, and there was preliminary hearing offered? The defendant waived the probable cause hearing. He indicated that he just wanted to get the matter over with. But your point is once that new offense was added by information, there wasn't a knowing waiver of counsel with respect to that new offense? That new offense, and when viewed in context with the incomplete original waiver of counsel, there was no valid waiver of counsel at all in general for the trial because the first waiver was incomplete. Okay, let's assume the first waiver was perfect and the new charge was added based on an offense that occurred before the armed robbery. What is your position on the sufficiency of the admonishments regarding waiver of counsel on the forgery? They were inadequate. The addition of the forgery charge negated the continuing waiver rule, so there was no longer a valid waiver of counsel. And so if I understand your argument correctly, had there been proper admonishments, perhaps he would have asked for an attorney, and then perhaps the joinder would not have occurred. I think I understand your argument. Justice O'Brien's point is he wasn't convicted of the forgery, so where is the prejudice? The prejudice is that he must be informed of, you don't know whether, at that point he didn't know whether he was going to be convicted or not of the offense. And we don't know how much weight the jury placed on the other crimes evidence that the forgery brought in. We don't know whether the jury acquitted him because of lenity. The temporally relevant time in this case for the giving of the 401A admonishments was when the forgery charge was added. What was the difference in time between the forgery that was joined and the armed robbery? The home invasion and armed robbery incidents occurred in 2011. The forgery charge occurred approximately a year earlier in 2010. How often do we see cases where defense counsel agrees to join two cases separated by a year? Well, as I noted in the opening brief, your honor, there have been cases where counsel was found to be ineffective for allowing or not objecting to join because the joinder allowed other crimes evidence to be introduced into the case. So is it the joinder that is the basis of the prejudice argument here? It's the combination of the incomplete admonishments originally and the joinder. I understand your argument. And the forgery, the addition of the forgery charge without the 401A admonishments I think is the wrinkle in this case that makes it somewhat interesting. As I noted in my brief, there is a body of law generally indicating that when there is a substantial change in the proceedings due in part to the addition of a charge after the initial waiver of counsel admonishments. That can require new admonishments. But that body of case law is sparse. And this court has the opportunity to add to that law and maybe provide guidance to counsel and the bar, to the courts and the bar regarding that situation. Now, when combining both, as I was mentioning, there was an inadequate waiver of counsel for the trial because of the incomplete admonishments the first time. And because the defendant was not even asked whether he wanted to persist with his original waiver of counsel when the forgery charge was added. There was no Rule 401 admonition and there was no inquiry as to whether he wanted to continue representing himself. And so based on that combination of those two factors, I would ask that this court reverse his convictions and remand his cause for a new trial because his waivers of counsel were inadequate for the trial. In the alternative, Your Honors, I'm asking that this cause be remanded for, that this court vacate his sentences and remand for new post-trial proceedings because after the jury returned the verdict of guilty, the verdicts of guilty, the defendant requested the reappointment of counsel. By requesting the reappointment of counsel and the court granting his request, the continuum waiver rule was negated again. The defendant subsequently requested to proceed pro se again and the court, after simply telling him that the sentencing range was 60-60 years, allowed him to proceed pro se. At sentencing, the defendant presented no mitigating evidence, called no witnesses, although he had a very sparse criminal history, a nonviolent one, that included misdemeanors and an ordinance violation. He indicated that he did not do so because he believed that by calling witnesses or presenting mitigating evidence he would be conceding his guilt. Obviously, if he had a lawyer, the lawyer would have been able to present mitigating evidence without conceding his guilt. But he had a lawyer, right? He asked for a lawyer and the court said okay and then he pitched the lawyer. Yes, he did. But again, he was not given full 401A admonitions. Because of the consecutive sentencing possibility? He was not informed of the charges that he had been convicted of. He was not informed that he had the right to reappoint a counsel. And he was not informed that consecutive sentences were a possibility. But he, when he said he had the right to appoint a counsel, when he waived it, he had just been appointed counsel and then he turned around and waived it. Yes. By that time he had a pretty good grip on the fact that he's got the right to appoint a counsel because the trial court just gave him appointed counsel. That's correct, your honor. But I'm relying on People v. Cleveland where the court indicated that the rule 401 admonishments need to be given to a defendant. Once the continuing waiver rule no longer applies. But even under those circumstances the substantial compliance rule still applies, correct? Yes, that rule always applies. And in this case, but in this case had the defendant, who again had no legal experience, been appointed lawyer, he could have presented some mitigation that perhaps would have persuaded the court not to impose what were essentially life terms. And again, that may, I think we all agree that waiving counsel at trial or sentencing is never a good idea, but the Supreme Court says the judges can't protect somebody from themselves and the person has a right to go pro se if they want to do it. That's correct, your honor. But again, rule 401A does indicate that the court must determine that the defendant understands the admonishments and that did not happen here prior to sentencing. So because the admonishment after the defendant waived counsel at the post-trial proceedings was inadequate, I respectfully request that this court vacate the defendant's sentences and remand this cause for new post-trial proceedings. If the court has any questions, I would be happy to try and answer them. Thank you, Mr. Durango. Thank you, your honor. Mr. Michelosi. Good morning, your honors. May it please the court, Mr. Durango. Your honors, as the Illinois Supreme Court stated, substantial compliance is sufficient to effectuate a valid waiver if the waiver was made knowingly and voluntarily. And this is the important part, as your honors mentioned during counsel's argument, that it's important to consider whether or not the admonishments given did prejudice the defendant's rights. The people would submit that the defendant's rights in this case were not prejudiced by the admonishments given. The people will concede at the outset here that, of course, strict compliance with rule 401A was not done in this case, of course. Just as I proposed to Mr. Durango, assuming the admonishments for the first indictment were proper, how do you think the admonishments on the second wave of charges, the forgery, were substantially in compliance with Supreme Court rule? Well, your honor, Supreme Court rule 401A provides three, that the defendant needs to be informed of the nature of the charges, the minimum, maximum sentences, and of course, if they're consecutive or whatnot, and three, that he has a right to counsel. When the forgery charge was added, the people would submit that the nature of the charge was discussed right then and there. The minimum and maximum sentence of the forgery charge, that was a class three felony, and he was informed right then and there that he could be subjected to a sentence between two and ten years. And while he was not expressly informed that he had the right to counsel, people would submit that the defendant knew in this case, based on the actions, the procedure at the beginning of the case, that he did have the right to counsel. He was indigent, and he was appointed a public defender. And so at that point, people submit that by the time they got to the forgery case, the defendant was aware that indigent defendants have a right to counsel. And nowhere in the record is it indicated that the defendant wanted counsel. So you would think the court didn't talk about counsel, but the defendant should have known. I think based on the fact that he received counsel earlier, he should. Would you agree with me how easy it would have been to avoid this entire issue? Of course. Sure, sure. But nevertheless, nevertheless, Your Honor, the people would submit that the record shows that he was not prejudiced based on the inadequate admonishments that were given. Because? Because, well, number one, Your Honor, regarding the sentences, the minimum and maximum, that was a discussion earlier and in the defendant's brief. He wasn't admonished that these sentences were consecutive or that they could have been consecutive. But, of course, he was only given 60 years in the aggregate. And, of course, with regard to the forgery, he was not convicted of the forgery. So that gets kind of thrown out of the equation. But he only received 60 years in the aggregate, which was the maximum he was told he would receive in the admonishments before trial by the trial judge. Now, were those admonishments correct? No. But how can you be prejudiced if you didn't receive more than what you were told you could receive? To make up to Mr. Durango's argument regarding the additional evidence, while he wasn't convicted of the forgery, it's a new charge, evidence of other crimes. Is there a potential that it prejudiced him in relation to the conviction on the three other charges? Your Honor, my response to that would be, how does the fact that this other crimes evidence was involved in this trial now, how did that change the admonishments that the trial judge was supposed to give at that point? All the trial judge was supposed to give when the forgery was added was the nature of the charge, the minimum and the maximum, and the right to counsel. He was not going to ever advise this defendant that, hey, they're adding this count seven. Some other evidence from that charge may be prejudicial to you regarding the first six. That's not in 401A. That's not one of the requirements of the trial judge. This is a new charge, and you have the right to have an attorney for this charge. May have then, oh, even though I've already waived, you mean I can get an attorney now? And that may have led the attorney to say, this is a new charge, maybe you don't want all this evidence. I mean, do you see where I'm going? I understand the argument, but my response to that again is that, again, the trial judge did not need to go into detail with regards to what evidence that this forgery charge could require to be brought in as it relates to his other charges. Well, but I think counsel's point, and the defender's point is, it's almost the courts have seen the rule as a matter of law that if you join your improper charges, it's reversible. And so while the judge didn't have to tell him that, didn't have to act as his lawyer, at that point he's already waived the counsel and is saying, oh, by the way, Mr. Defendant, we're adding a new charge here, and what do you think about that? And here's what it is, and of course he's thinking, well, this forgery, this is not very serious compared to the penalties he told me I was looking at on the other one, so what the heck. And as opposed to, and he said, well, I guess I've waived counsel, so now what do I do? As opposed to advising him again, whether the result would have been any different, I don't know. But it seems that the continuing waiver rule under these circumstances that he had to tell him again, can we assume that at that point somebody knows that he's got a right to say, okay, forget my waiver, now if they're going to do this stuff, I want a lawyer. Following up to Justice Schmidt's question, so you can address both at the same time, there's a procedure of irregularity here. You indicate they added count 7 to an existing criminal case number bearing the 2011 case number. They added count 7, so Joinder is a foregone conclusion because it was just arbitrarily added by the prosecutor. Typically, I bring some experience to this court from trial courtrooms, typically the prosecutor would have filed those 2010 charges with a separate case number because they were not related and there's no allegation that it's part of a continuing course of conduct. So isn't the procedural irregularity, doesn't that tie into Justice Schmidt's question? How could he challenge Joinder because it had already occurred? Well, Your Honor, he was given the option to have separate trials. He was given the option to have a separate preliminary hearing on this and the information that was… It requires a motion to sever once it's already filed as a separate count. Well, Your Honor, he was given the option to separate them. It wasn't explained very well to him. In fact, when you read the record, there's kind of a wink, wink, nudge, nudge, Mr. Defendant. It's okay with you, isn't it, if we proceed with these charges? And is that adequate? Is that proper? Your Honor, I understand. I don't know if he was necessarily… You're not going to leave pepper in your mouth. It happens every single time. One of these days, I'm going to come in here with an awesome face. It's going to happen. Your Honor, I don't know if he was necessarily coerced way weak into… I think he was given the option of having a preliminary hearing and he thought about it. Was that adequate? That's for the court to decide. But the people would submit that he was given the option to separate these and he thought about it. It wasn't ignored, is your opinion? It wasn't. It wasn't totally glossed over and he was able to think about it. And at this point, remember, he had declined the appointed counsel that he already had. And he was already told by the trial judge at the beginning, well, you're at a disadvantage. You're not going to be given a lot of slack. So these are kind of the decisions that he took upon himself when he decided to represent himself. And yeah, they're tough decisions. Did the trial judge do everything perfectly? Of course not. But the defendant was informed that this is going to be difficult. You're going to have difficult decisions regarding procedure and things like that. And these are the things that come up in the course of conduct. The people would just, again, generally submit that his rights were not prejudiced as he was not convicted of the forgery. He did not receive an aggregate sentence in addition, in excess of what he was told he could receive. And that after the trial, of course, he was obviously well aware that he had the right to counsel. He requested counsel at that point. The people also request that he didn't, the defendant, when the forgery charge was added, he did not request counsel. For what it's worth, the people will just note that he did not request counsel at any point at that point. But the record shows the forgery charge was added after he had waived counsel. Yes, yes. Do you think the state took advantage of that? Not without the defendant knowing what he was embarking upon. Your Honor, so just to summarize, the people would submit that the defendant's rights were not prejudiced, and that the trial judge substantially complied with 401A in this case. The people would request that this Court would affirm the convictions and sentences. If there are any other questions, I'd be happy to answer them. None. Thank you, Mr. Nicolosi. Mr. Durango for rebuttal.